**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| Brittany Hosea-Small, | § <br> § <br> § |
| Plaintiff, | § <br> § Case No: |
| v. | § <br> § |
| Lexipol LLC, | § DEMAND FOR JURY TRIAL <br> § |
| Defendant. | § <br> § <br> § |

**COMPLAINT**

Plaintiff Brittany Hosea-Small ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendant Lexipol LLC ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement under the Copyright Act, 17 U.S.C. §101 *et seq*.

2. Plaintiff is a freelance photojournalist who blends commercial photography experience with a journalistic drive to bring color and depth to a variety of current issues in both short-form and in-depth photo essays. As a freelancer photojournalist, Plaintiff has covered breaking news, sports and food and leisure and long-form stories. Plaintiff is an alumnus of UC Berkeley's Graduate School of Journalism.

3. Plaintiff created a series of photographs showcasing a floating fire station in San Francisco, California (the "*Photograph*s") in which Plaintiff owns the rights and licenses for various uses including online and print publications.

4. Upon information and belief, Defendant is a private, for-profit company that sells policy manuals, training, and other risk management services to public safety agencies. It functions as a business that provides operational documents and resources to law enforcement and other public safety departments for a fee.

5. As a key part of its business operation, Defendant owns and operates a website at

1

domain www.firerescue1.com (the "*Website*").

6. Defendant, without permission or authorization from Plaintiff, actively displayed the Photographs on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

7. Plaintiff is an individual who is a citizen of the State of California and maintains a principal place of business in Contra Costa County, California.

8. Upon information and belief, Defendant is a Delaware limited liability company with a principal place of business at 2611 Internet Boulevard, Suite 100, Frisco in Denton County, Texas and is liable and responsible to Plaintiff based on the facts herein alleged.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over Defendant because it maintains its principal place of business in Texas.

11. Venue is proper under 28 U.S.C. §1391(b)(2) because Defendant does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.**    **Plaintiff's Copyright Ownership**

12. Plaintiff is a professional photographer by trade who is the legal and rightful owner of certain photographs which Plaintiff commercially licenses.

13. Plaintiff has invested significant time and money in building Plaintiff's photograph portfolio.

14. Plaintiff has obtained active and valid copyright registrations from the United States Copyright Office (the "*USCO*") which cover many of Plaintiff's photographs while many others are the subject of pending copyright applications.

15. Plaintiff's photographs are original, creative works in which Plaintiff owns protectable copyright interests.

16. On December 3, 2020, Plaintiff first published the Photographs. A copy of the Photographs is attached hereto collectively as <u>Exhibit 1</u>.

17. In creating the Photographs, Plaintiff personally selected the subject matter, timing, lighting, angle, perspective, depth, lens, and camera equipment used to capture the image.

18. On January 11, 2021, the Photographs were registered by the USCO under Registration No. VA 2-239-754.

19. Plaintiff created the Photographs with the intention of them being used commercially and for the purpose of display and/or public distribution.

20. Plaintiff published the Photographs by commercially licensing them to the San Francisco Chronicle for the purpose of display and/or public distribution.

**B.**     **<u>Defendant's Infringing Activity</u>**

21. Defendant is the registered owner of the Website and is responsible for its content.

22. Defendant is the operator of the Website and is responsible for its content.

23. The Website is a key component of Defendant's popular and lucrative commercial enterprise.

24. The Website is monetized in that it contains paid advertisements and, upon information and belief, Defendant profits from these activities.

25. On or about December 14, 2022, without permission or authorization from Plaintiff, Defendant volitionally displayed the Photographs on the Website as part of an on-line story at URL:     https://www.firerescue1.com/station-design/articles/san-franciscos-fireboat-station-35-features-modern-design-connected-to-historic-charm-Ga2dkRVpOB1qQJI8/. A copy of a screengrab of the Website including the Photographs is attached hereto as <u>Exhibit 2</u>.

26. Plaintiff first observed and actually discovered the Infringement on February 22, 2023.

27. Upon information and belief, the Photographs were displayed by Defendant

without license or permission, thereby infringing on Plaintiff's copyrights in and to the Photographs (hereinafter all of the unauthorized uses set forth above are referred to as the "*Infringement*").

28. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than a transitory duration and therefore constitutes a specific infringement.

29. The Infringement is an exact copy of Plaintiff's original images that were directly displayed by Defendant on the Website.

30. Upon information and belief, Defendant is a sophisticated business which has advanced operational and strategic expertise in an industry where copyright is prevalent.

31. Upon information and belief, Defendant's staff have significant experience in copyright matters and are familiar with specific practices including the need to ensure that images used in their articles have been properly licensed.

32. Upon information and belief, Defendant has not implemented adequate internal policies to verify copyright ownership before content use, indicating a gross negligence in legal compliance, which is essential for a company with Defendant's reach, capabilities, and level of sophistication.

33. Upon information and belief, Defendant's internal policies, if any, are either not designed to verify copyright ownership before content use or are systematically ignored, indicating a willful, recurring disregard for copyright compliance.

34. Upon information and belief, Defendant takes an active and pervasive role in the content posted on its Website, including, but not limited to copying, posting, selecting, commenting on, and/or displaying images including but not limited to Plaintiff's Photographs.

35. Upon information and belief, Defendant directly contributes to the content posted on the Website by *inter alia*, directly employing reporters, authors and editors as its agents, including but not limited to Rachel Engel whereby Defendant's website lists her as "Senior Editor"

(the "*Employees*").

36. Upon information and belief, at all material times the Employees were acting within the course and scope of their employment when they posted the Infringement.

37. Upon information and belief, at all material times the Employees were acting within the course and scope of their agency when they posted the Infringement.

38. Upon information and belief, the Photographs were willfully and volitionally posted to the Website by Defendant.

39. Upon information and belief, Defendant was aware of facts or circumstances from which the determination regarding the Infringement was apparent. Defendant cannot claim that it was not aware of the infringing activities, including the specific Infringement which form the basis of this complaint, since such a claim would amount to only willful blindness to the Infringement on the part of Defendant.

40. Upon information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States copyright laws.

41. Upon information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

42. Upon information and belief, Defendant monitors the content on its Website.

43. Upon information and belief, Defendant has received a financial benefit directly attributable to the Infringement.

44. Upon information and belief, the Infringement increased traffic to the Website and, in turn, caused Defendant to realize an increase in the revenues generated via paid advertisements.

45. Upon information and belief, a large number of people have viewed the unlawful copy of the Photographs on the Website.

46. Upon information and belief, Defendant at all times had the ability to stop the display of Plaintiff's copyrighted material.

47. Defendant's use of the Photographs harmed the actual market for the Photographs.

48. Defendant's use of the Photographs, if widespread, would harm Plaintiff's potential market for the Photographs.

49. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
*(Direct Copyright Infringement, 17 U.S.C. §501 et seq.)*

50. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

51. The Photographs are original, creative works in which Plaintiff owns a valid copyright.

52. The Photographs are properly registered with the USCO and Plaintiff has complied with all statutory formalities under the Copyright Act and under regulations published by the USCO.

53. Plaintiff has not granted Defendant a license or the right to use the Photographs in any manner, nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendant.

54. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

55. Defendant's display of the Photograph constitutes willful copyright infringement.

56. Upon information and belief, Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, in that Defendant used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, Plaintiff's original and unique Photographs without Plaintiff's consent or authority, by using it on the Website.

57. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at

Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

58. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendant.

59. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

60. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photographs in violation of 17 U.S.C. §501 *et seq.* and therefore award damages and monetary relief as follows:

    a. finding that Defendant infringed Plaintiff's copyright interest in and to the Photographs by displaying it without a license or consent;

    b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504(b) in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

    c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works;

    d. for costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

    e. for pre-judgment interest as permitted by law; and

    f. for any other relief the Court deems just and proper.

DATED: September 9, 2025

                                        **SANDERS LAW GROUP**

                                        By:   */s/ Craig Sanders*
                                        Craig Sanders, Esq.
                                        333 Earle Ovington Blvd, Suite 402
                                        Uniondale, NY 11553
                                        Tel: (516) 203-7600
                                        Email: csanders@sanderslaw.group
                                        File No.: 127779

                                        *Attorneys for Plaintiff*